# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LATRICE ROUND,<br>　　　　Plaintiff, | )<br>)<br>) |
| | ) CAUSE NO.: 2:15-CV-425-JVB-PRC |
| | ) |
| THE MAJESTIC STAR CASINO, LLC,<br>　　　　Defendant. | )<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Second Amended Complaint at Law [DE 37], filed by Defendant The Majestic Start Casino, LLC on September 19, 2017. Plaintiff has not filed a response, and the time to do so has passed.

## BACKGROUND

On November 24, 2015, Plaintiff filed a pro se Complaint with this Court. On November 25, 2015, the Court entered an Order striking Plaintiff's Complaint because it was "legally deficient," and granted Plaintiff until December 23, 2015, to file an Amended Complaint. On December 22, 2015, Plaintiff filed pro se an Amended Employment Discrimination Complaint alleging a violation of her Eighth Amendment Rights. Therein, she alleges lack of accommodations or treatment for work injuries on December 9, 2013, and December 14, 2014, and an "unsecure" work area.

On April 7, 2016, the parties attended a pretrial conference and the Court entered a Scheduling Order, including a deadline to amend pleadings of April 15, 2016, and a discovery deadline of October 21, 2016. Subsequently, the parties exchanged written discovery and, on October 11, 2016, Defendant took Plaintiff's deposition. At her deposition, Plaintiff confirmed that her claim against Defendant in this lawsuit is that Defendant subjected her to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

On March 17, 2017, Defendant filed a Notice of Intent to File a Rule 56 Motion, as required by the Court. On March 20, 2017, the Court ordered the parties to a settlement conference prior to the filing of a Rule 56 motion. The settlement conference was scheduled for May 23, 2017; Defendant appeared, but Plaintiff failed to appear. The Court ordered Plaintiff to show cause as to why she failed to appear. On June 2, 2017, Plaintiff filed an affidavit indicating that she failed to appear on May 23, 2017, because she was not aware of the settlement conference. On June 7, 2017, the Court rescheduled the settlement conference for June 26, 2017. The settlement conference was held, but settlement was not reached.

At the end of the conference, Plaintiff requested to amend her Amended Complaint. The Court granted Plaintiff until July 31, 2017 to file a Motion for Leave to Amend Complaint. On July 26, 2017, Plaintiff filed an Affidavit asking for additional time to file the motion, which the Court granted on August 3, 2017, extending the deadline to File a Motion for Leave to File an Amended Complaint to September 1, 2017.

On September 1, 2017, Plaintiff filed a Second Amended Complaint [ECF 36] without first filing a Motion for Leave to File an Amended Complaint as ordered by the Court.

**ANALYSIS**

In the instant Motion to Strike, Defendant asks the Court to strike the Second Amended Complaint for failure to obtain leave of Court and also asks the Court to not grant any additional time to file such a motion.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

In this instance, Plaintiff was required to obtain leave of Court before filing her Second Amended Complaint but did not do so. Plaintiff was advised in both the initial June 7, 2017 Order and the August 3, 2017 Order granting an extension of time that she was being given leave to file a "Motion for Leave to File an Amended Complaint." Plaintiff did not file a response to the instant motion, which would have given her an opportunity either to explain why she did not file a motion, to ask for an extension of time to do so, or to attempt to make the arguments she would have made had she filed a motion. Thus, the Court grants the Motion to Strike, and strikes the Second Amended Complaint [DE 36] for failure to seek leave of Court.

In addition, the Court grants Defendant's request that the deadline to file such a motion not be extended. First, Plaintiff has not requested an extension of time. Once a court has set a deadline for filing amended pleadings, a motion to amend filed after that deadline should be evaluated under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (citing *Trustmark v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Having made no response to this motion, Plaintiff has not attempted to show either good cause for extending the deadline under Federal Rule of Civil Procedure 16(b) or excusable neglect under Federal Rule of Civil Procedure 6(b) for seeking an extension of time after the deadline has passed.

Second, by not responding to this motion, Plaintiff has not made any argument in support of the Second Amended Complaint. The United States Supreme Court has explained the term "freely give" as used in Rule 15(a) as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The Court finds that any motion for leave to file an amended complaint would be denied as untimely and unduly prejudicial to Defendant.

First, the motion would be untimely. The Second Amended Complaint seeks to add new allegations of "retaliation/discrimination due to my work injury" on the basis that Plaintiff was injured at work on December 29, 2013, that she was "taken advantage of and made to work in various places within the company, even unsafe areas," and that she was made to work in unsafe areas in an attempt to make her quit her job. However, Plaintiff has offered no explanation for why she did not bring allegations of retaliation and discrimination on these bases from the outset of the lawsuit. All of these facts have been within her personal knowledge from the outset. The proposed amendment is not based on new knowledge obtained recently or through discovery.

Second, if the Court were to allow the amendment, Defendant would be unduly prejudiced. "Undue prejudice occurs when the amendment brings in entirely new and separate claims . . . . Or at least entails more than an alternative claim or a change in the allegations in the complaint and when the additional discovery is expensive and time-consuming." *Jacobs v. Xerox Corp. Long Term Disability Plan*, 520 F. Supp. 2d 1022, 1046 (N.D. Ill. 2007) (quoting *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999)). In this instance, Defendant would be required to reopen discovery

on the new facts and legal claims, essentially allowing Plaintiff to relitigate her entire case. Defendant has already conducted written discovery and taken Plaintiff's deposition. Because Defendant would be unduly prejudiced by the untimely amendment, an extension of time to file a motion for leave to file an amended complaint is not warranted. Moreover, for the same reason, even if Plaintiff had properly filed a motion by the September 1, 2017 deadline, with the Second Amended Complaint attached as an exhibit as required by Northern District of Indiana Local Rule 15-1, the Court would have denied the motion for leave to file an amended complaint as untimely and unduly prejudicial.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Strike Plaintiff's Second Amended Complaint at Law [DE 37] and **STRIKES** the Second Amended Complaint [DE 36]. No further extensions of time to file a motion for leave to file an amended complaint will be granted.

Because the discovery deadline has passed, Defendants have filed a Notice of Intent to Bring a Motion Under Rule 56, a post-Notice settlement conference was held but no settlement was reached, and no further extensions of time will be granted, the case is ripe for a scheduling order from the presiding trial judge.

SO ORDERED this 21st day of November, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT